UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEVON LARRY RICHARD BILLINGHURST, A 055 214 776,

                                Petitioner,

-vs-

TODD L. TRYON, *ICE Assistant Field Officer*,[1]

                                Respondent.

DECISION AND ORDER

16-CV-6223-CJS

---

## APPEARANCES

For Petitioner:                    Jevon Larry Richard Billinghurst, *pro se*
                                    A 055 214 776
                                    Buffalo Federal Detention Facility
                                    4250 Federal Drive
                                    Batavia, NY 14020

For Respondent:                  Gail Y. Mitchell, Esq.
                                    U.S. Attorney's Office
                                    Federal Centre
                                    138 Delaware Avenue
                                    Buffalo, NY 14202
                                    (716) 843-5833

**Siragusa, J.** Petitioner, a lawful permanent resident of the United States, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 releasing him from immigration detention pending removal to Saint Vincent and Grenadines.[2] He has been in custody since September 12, 2014, and was ordered removed on February 5, 2015. On December 16, 2016, the Second Circuit stayed Petitioner's constitutional challenge to the removal order pending the Supreme Court's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*,

---

[1] Respondent's counsel represents that the only person holding Petitioner in custody is Todd L. Tryon. Accordingly, the remaining named respondents are dismissed and the Court will direct the Clerk to conform the caption of this case to the form used in this Decision and Order.

[2] An Immigration Judge determined that Petitioner's 2011 conviction for attempted second degree robbery, in violation of New York Penal Law §§ 110.00 and 160.10, for which he received a sentence of one year's imprisonment, qualified as an aggravated felony under INA § 101(a)(43)(F) (8 U.S.C. § 1101(a)(43)(F)). The Board of Immigration Appeals upheld the decision on June 9, 2015. Petitioner is challenging the removal order in the Second Circuit on constitutional grounds.

No. 15-1498, 137 S. Ct. 31 (Sept. 29, 2016). *Billinghurst v. Lynch*, No. 15-1985 (2d Cir. Dec. 16, 2016). The stay is in place until at least thirty days following the decision in *Dimaya*.[3]

Respondent argues that Petitioner's detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS") is permitted pursuant to the Immigration and Nationality Act § 236 (8 U.S.C. § 1226),[4] and because the Second Circuit has stayed his challenge, the removal period is extended pursuant to INA § 241 (8 U.S.C. § 1231), which reads in pertinent part as follows:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")....
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

8 U.S.C. § 1231(a)(1)(A) and (B)(ii) (2006). Petitioner challenges his detention as unreasonable, citing in support the Third Circuit decision in *Patel v. Zemski*, 273 F.3d 299 (3d Cir. 2001). However, that decision was abrogated by the U.S. Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510, 516 (2003). In *Demore*, the Supreme Court wrote that, "[s]ection 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony. Congress adopted this provision against a backdrop of wholesale failure by the INS to deal with increasing rates of criminal activity by aliens.... Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 517–18 & 531.

Petitioner also cites *Zadvydas v. Davis,* 533 U.S. 678 (2001), however that case is distinguishable. In *Zadvydas*, the alien detained was one for whom removal was "no longer

---

[3] Oral argument in the *Dimaya* case took place on January 17, 2017.
[4] In what appears to be a typographical error, Respondent's brief contains this sentence: "Respondents further submit that the continued detention of petitioner Billinghurst is *unlawful* regardless of whether the detention is determined to be pursuant to INA § 236, 8 U.S.C. § 1226, or pursuant to INA § 241, 8 U.S.C. § 1231." Resp. Mem. of Law in Opposition to the Petition 11, Jun. 14, 2016, ECF No. 8.

practically attainable." *Id*. at 690. Here, by contrast, if the Second Circuit issues a decision upholding Petitioner's removal, then the 90-day period for obtaining a travel permit will commence. Moreover, Petitioner's detention is pursuant to § 1226 (detention pending decision to remove), not, as was the case in *Zadvydas*, § 1231 (detention when ordered removed). Therefore, the Court finds no reason to issue the writ.

Petitioner also challenges the basis for his removal. This Court is without jurisdiction to address the merits of the removal decision. Jurisdiction for that challenge lies exclusively with the Second Circuit. *Hurley v. Immigration & Customs Enf't*, No. CIVA 07-608, 2007 WL 1068478, at *1 (W.D. La. Apr. 4, 2007) ("Pursuant to 8 U.S.C. § 1252(f)(2) and 1252(g), as amended by the REAL ID Act of 2005, which governs judicial review of orders of removal, a district court lacks jurisdiction to prevent the execution of removal orders."). *See also*, 8 U.S.C. § 1252(a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain enumerated criminal offenses).

Petitioner also asks for an Order preventing DHS from moving him to another detention facility (he is currently housed in Batavia, New York). Congress has given the Attorney General discretion to choose "appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). "[A] district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities…." *Tuong Huan Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999). This Court will not enjoin the Attorney General from exercising the discretion available to him pursuant to § 1231. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (section "provides that no court has jurisdiction to review *any* decision or action the Attorney General has discretion to make 'under this subchapter'" which includes § 1231.).

Accordingly, it is hereby

ORDERED, that the petition seeking a writ of habeas corpus is denied; and it is further

ORDERED, that Petitioner's request for an Order preventing the Attorney General from moving him to another location during his detention is denied; and it is further

ORDERED, that the Clerk change the caption of this case to conform with the caption in this Decision and Order, and discontinue the other parties named.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

DATED:   April 12, 2017
         Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge